UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BHASIN & SONS, INC.

                     Plaintiff,

         -against-

AMCO INSURANCE COMPANY and
NATIONWIDE INSURANCE COMPANY,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
12-CV-5248 (ADS)(ETB)

**APPEARANCES:**

**Cary Scott Goldinger, Esq.**
*Attorney for the Plaintiff*
400 Garden City Plaza
Suite 420
Garden City, NY 11530

**Stalker Vogrin Bracken & Frimet LLP**
*Attorneys for the Defendants*
80 Broad Street
5th Floor
New York, NY 10004
    By: Thomas J. Bracken, Esq., Of Counsel

**SPATT, District Judge**.

      On or about September 13, 2012, the Plaintiff Bhasin & Sons, Inc. (the "Plaintiff") filed this action against the Defendants Amco Insurance Company ("Amco") and Nationwide Insurance Company ("Nationwide"). On October 25, 2012, Amco and Nationwide moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for failure to state a cause of action. On December 18, 2012, the Plaintiff amended its complaint. On December 19, 2012, the Plaintiff cross-moved to remand and to amend its complaint again. For the reasons that follow, (1) the Plaintiff's motion to remand is denied; (2) the Plaintiff's

motion to amend its complaint is denied as futile; and (3) the Defendants' motion to dismiss the complaint is granted.

## I. BACKGROUND

### A. <u>Factual Background</u>

The facts relevant to these motions are summarized below and, for the purposes of deciding the motion to dismiss are drawn from the Plaintiff's first Amended Complaint, and are construed in the light most favorable to the nonmovant, the Plaintiff.

Prior to October 28, 2012, the Plaintiff procured commercial general liability insurance with the Defendants bearing Nationwide Policy Number ACP BPR 72223264021 (the "subject policy") covering the premises located at 489 West 3rd Street, Miffinville, Pennsylvania. The Plaintiff alleges that pursuant to the subject policy, the Defendants agreed to indemnify, insure, provide coverage, and/or to pay the insured for any damages incurred as a result of theft occurring at the premises.

The Plaintiff alleges that on or about October 28, 2010, while the subject policy was still in full force and effect, it sustained damages as a result of a theft at the insured location. The Plaintiff then made a timely claim for payment under the subject policy by letter, receipt of which was acknowledged by the Defendants.

The Plaintiff also asserts that it duly and timely requested that the Defendants pay for the damages incurred as a result of the theft, under the terms and conditions of the policy. However, the Defendants did not indemnify, and/or pay for the damages incurred as a result of the theft.

On or about May 7, 2011, the Defendants disclaimed coverage for the loss, asserting that the insured location "was vacant at the time of the theft, and for over eight months prior to the same."

**B. Procedural History**

On or about September 4, 2012, the Plaintiff commenced an action in New York State Supreme Court, County of Nassau against Amco and Nationwide seeking a declaratory judgment asserting that: (1) the Defendants have failed and refused to defend the Plaintiff in connection with the aforesaid loss; (2) the Defendants have failed and refused to indemnify, insure, provide coverage, and/or to pay the insured for the damages incurred in connection with the aforesaid loss; (3) the Defendants' failure constitutes a breach of the subject policy; and (4) the Defendants' disclaimer of coverage violates the provisions of New York Insurance Law § 3420(d).

On or about September 18, 2012, the Plaintiff provided a copy of the summons and complaint to the New York Department of Financial Services. On September 25, 2012, the Department of Financial Services notified the Plaintiff that Amco was not authorized to do business in the State of New York, but indicated that it would forward the summons and complaint to Amco's last - known address. Furthermore, the notice also stated that it was the Plaintiff's duty to determine whether such service was proper.

On October 18, 2012, the Defendants removed this case to this Court. Then, on October 22, 2012, the Plaintiff filed a Certificate of Authority to do business in New York State. On October 25, 2012, the Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b) (2), (4), (5), and (6).

On December 19, 2012, the Plaintiff filed a cross-motion to remand the case to state court on the basis that (1) Nationwide was properly named as a defendant in this action; (2) jurisdiction in the state court was valid; and (3) service upon Amco was proper. In addition, pursuant to Fed. R. Civ P. 15(b)(2), the Plaintiff moved to amend the complaint. The proposed amended complaint does not include the first and fourth causes of action alleged in original complaint (" the duty to defend" and "the violation of insurance law 3420(d)"). The proposed amended complaint leaves intact the claims alleging "duty to indemnify" and "breach of contract."

In opposition, the Defendants assert that the proposed second amended complaint would be futile and that its motion to dismiss should be granted because (1) Nationwide did not issue the policy to the Plaintiff; (2) neither Amco or Nationwide is domiciled in the state of New York so there is no diversity for jurisdictional purposes; (3) Amco was not properly served; and (4) there is no personal jurisdiction over Amco.

## II. DISCUSSION

### A. <u>The Motion to Remand</u>

The Plaintiff contends that the action should proceed in state court and be remanded "based on Nationwide's presence in this state." The Plaintiff also alleges that the operations of Nationwide and Amco are so intertwined that the acts of Amco, the subsidiary, should bind Nationwide, the parent. Furthermore, the Plaintiff alleges that the name Nationwide indicates, literally a "nation-wide" company that indisputably conducts business in New York. In addition, the Plaintiff relies on the first page of the Defendants' issued policy of insurance that states, "Allied Insurance, a Nationwide company on Your Side." Following the "Nationwide" logo, bearing the heading "Important Information About Your Policy," the Defendants' policy states:

4

"Attached is a recent change to your policy. The change was initiated either by you, your agent, or by Nationwide." Also, the letterhead says "Nationwide on your side;" further suggesting that Nationwide and Amco are so intertwined that the case warrants remand to Supreme Court, Nassau County.

As stated in <u>Begley v. Macho Bay Camps, Inc.</u>, 850 F. Supp. 172, 175 (E.D.N.Y. 1994) "a motion to remand a case to state court may only be made on the basis of a defect in removal procedure or a lack of subject matter jurisdiction." <u>see also Allstate Ins. Co. v. Longwell</u>, 735 F. Supp. 1187, 1191 (S.D.N.Y. 1990). In this regard, 28 U.S.C. § 1447 provides that:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

As stated above, on October 18, 2012 the Defendants removed this case to this Court and therefore the December 19, 2012 motion to remand is untimely. Further, even if the motion to remand was timely, the Plaintiff fails to set forth any cognizable basis for a remand. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." It is well-settled that, for purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. <u>See</u> <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 306, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) (citing 28 U.S.C. 1332(c)(1)).

It is undisputed that Amco is an Iowa corporation; Nationwide is an Ohio corporation; and the Plaintiff is a Pennsylvania corporation. However, it appears that the Plaintiff is challenging diversity jurisdiction on the grounds that Nationwide's principal place of business is

5

in New York. If, as here, a corporation's activities are "decentralized and spread across numerous states, courts apply what is known as the 'nerve center' test," to determine a corporation's citizenship. Weave Masters, Inc. v. Cambridge Fashion, Inc., 2009 WL 510834, at * 1 (S.D.N.Y. Feb. 26, 2009) (citing R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)). Under the "nerve center" test, courts focus on those factors that identify the place where the corporation's policies originate.

For example, in Utopia Studios, Ltd. v. Earth Tech, Inc., 607 F. Supp. 2d 443, (E.D.N.Y. 2009)(Spatt J.), this Court held that the defendants' principal place of business was in California because its headquarters "housed hundreds of employees as well as the Chief Executive Officer, the Chief Financial Officer, the General Counsel and the company's marketing, corporate, and human resources departments." Id. at 445-446. Here, since 1978, Nationwide has had its international headquarters located at One Nationwide Plaza in Central Ohio. One Nationwide Plaza, a 40-story building, is the largest single office building in Central Ohio. Given the extent of these operations, the Court finds that its principal place of business is in Ohio, and given that the Plaintiff's request for $95,006.06 plainly satisfies the $75,000 "amount in controversy" threshold, diversity is proper.

Therefore, the Plaintiff's motion to remand is denied because; (1) the motion to remand was untimely; and, (2) in any event, the Plaintiff fails to set forth any cognizable basis for a remand.

B. <u>The Motion to Amend</u>

In the motion to amend, the Plaintiff removes two causes of action that are the subject of the instant motion, to wit, the claim for violation of the Defendants' "duty to defend" and the violation of Insurance Law 3420(d).

The Plaintiff relies on Fed. R. Civ. P. 15(b)(2):

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Under the provisions of Fed R. Civ. P. 15(a), the Court will apply certain factors when considering whether to grant a party leave to amend a complaint: (1) undue delay and undue prejudice to the opposing party; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; and (4) the futility of the amendment. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). A district court may deny leave to amend when the proposed amendment would be futile - that is, when it would not survive a 12(b)(6) motion to dismiss, or the court does not have personal jurisdiction over the defendant. <u>See</u> <u>Hunter v. Deutsche Lufthansa AG</u>, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012).

Here, the Court finds that the proposed second amended complaint would be futile because it does not resolve the outstanding issues: (1) Nationwide did not issue the policy to the Plaintiff, thus Nationwide is not a proper party to the lawsuit; (2) Amco and Nationwide are not domiciled in the state of New York so that there is diversity for jurisdictional purposes; (3) Amco was not properly served; and (4) there is no personal jurisdiction over Amco. The Court will address these four issues in turn.

### 1) As to Nationwide as a Defendant

Relying on Perez v. Amco, No. 08-cv-4364, 2009 WL 755228 (N.D. Ill. Mar. 23, 2009), the Plaintiff alleges that Nationwide is a valid party to this case. However, in Perez, the court addressed an entirely different set of circumstances than those presently before this Court. In Perez, the court held that the defendants had not provided any argument or authority in support of the proposition that an action for attorneys fees based on vexatious and unreasonable claims handling could be maintained only against the company that issued the policy in question - and not against others who were "affiliated" with that company and/or played a role in the claims handling. Perez, 2009 WL 755228. Furthermore, the court held that "the fact that the parties agree that neither Nationwide nor Allied can be liable for breach of contract does not, on the basis of the arguments advanced at this early stage of the case, mandate dismissal as a matter of law of any of the Defendants as to Count III." Perez 2009 WL 755228 at 7. Here, by contrast, the Plaintiff alleges a breach of contract claim and the Defendant provides authority in support of the proposition that the Plaintiff cannot pierce the corporate veil.

Furthermore, the Plaintiff alleges that Nationwide is a valid party because the first page of Amco's own issued policy of insurance expressly identifies the insurer as "Allied Insurance, a Nationwide company on your side." In addition, the Plaintiff alleges that a telephone call to the Amco customer service line plays the Nationwide signature jingle, and customer service personnel confirm that Amco is, indeed, a Nationwide company. Also, the Plaintiff alleges that a Google search of Nationwide, listed under its "Corporate Overview," makes clear that Amco is, in fact, a Nationwide company.

Generally, under New York's choice of law rules, the law of the state of the defendants' incorporation will be applied to piercing the corporate veil claims. See Soviet Pan Am Travel

8

Effort v. Travel Comm., Inc., 756 F.Supp. 126, 131 (S.D.N.Y. 1991). Here, because Amco and Nationwide's state of incorporation are Iowa and Ohio, respectively, the Court will apply the laws under each state for piercing the corporate veil – that is, holding Nationwide liable for the actions of its subsidiary company, Amco.

Under Iowa law, the corporate veil may be pierced and a parent company held liable for the acts of a subsidiary corporation only under exceptional circumstances. See Briggs Transp. Co. v. Starr Sale Co., 262 N.W.2d 805, 810 (Iowa 1978). Veil piercing is appropriate "where the corporation is a mere shell, serves no legitimate business purpose, and is used primarily as an intermediary to perpetuate fraud or promote injustice." See id. The burden to prove exceptional circumstances rests with the party seeking to pierce the corporate veil. See In re Marriage of Ballstaedt, 606 N.W.2d 345, 349 (Iowa 2000). Factors that would support such a finding include: (1) the corporation is undercapitalized; (2) it lacks separate books; (3) its finances are not kept separate from individual finances, or individual obligations are paid by the corporation; (4) the corporation is used to promote fraud or illegality; (5) corporate formalities are not followed; and (6) the corporation is a mere sham. See id. (citing Briggs Transp. Co., 262 N.W.2d at 810).

In this case, the Plaintiff does not appear to seriously contend that Nationwide is a mere shell; serves no legitimate business purpose; or is used primarily as an intermediary to perpetuate fraud or promote injustice. Thus, the Court concludes that the Plaintiff has not met its burden to prove exceptional circumstances under Iowa law so as to permit it to pierce the corporate veil.

Neither does the Court find that the Plaintiff could pierce the corporate veil under Ohio law. In Ohio, the tripartite test for piercing the corporate veil is as follows:

> (1) Domination and control over the corporation by those to be held liable is so complete that the corporation has no separate

> mind, will, or existence of its own; (2) that domination and control was used to commit fraud or wrong or other dishonest or unjust act, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

See Bucyrus–Erie Co. v. Gen. Products Corp., 643 F.2d 413, 413 (6th Cir. 1981)

"The first element is a concise statement of the alter ego doctrine; to succeed a plaintiff must show that the individual and the corporation are fundamentally indistinguishable." Belvedere Condo. Unit Owners' Assn. v. R.E. Roark Cos., Inc., 1993-Ohio-119, 67 Ohio St. 3d 274, 288-89, 617 N.E.2d 1075, 1086 (1993), holding modified by Dombroski v. WellPoint, Inc., 2008-Ohio-4827, 119 Ohio St. 3d 506, 895 N.E.2d 538 (2008). "The second element is the requirement that the shareholder's control of the corporation proximately caused the plaintiff's injury or loss." Id. "This approach to piercing the corporate veil strikes the correct balance between the principle of limited shareholder liability and the reality that the corporate fiction is sometimes used by shareholders to protect themselves from liability for their own misdeeds." Id.

Here, the Plaintiff has failed to satisfy its burden for piercing the corporate veil under Ohio law because the proposed second amended complaint fails to adequately allege the means by which the parent, Nationwide, controlled its wholly-owned subsidiary, Amco. In addition, the Plaintiff's documentation submitted in opposition to the motion is devoid of allegations to support the Plaintiff's contention that the parent company totally controlled the everyday operation of the subsidiary company.

The Plaintiffs' claim to pierce the corporate veil and hold a corporate parent liable for the actions of its subsidiaries under Iowa and Ohio law is denied. Accordingly, the Court finds that Nationwide is not a proper party.

**2. Whether Amco was Properly Served**

As stated above, the Plaintiff initiated this action by filing a summons and complaint in the Supreme Court of New York, Nassau County. On September 18, 2012, the Plaintiff subsequently provided a copy of the summons and complaint to the New York State Department of Financial Services. On or about September 18, 2012, in a notice dated September 25, 2012, the Department of Financial Services notified the Plaintiff that Amco is not authorized to do business in the state of New York. The notice further indicated that it was the Plaintiff's duty to determine whether such service was proper.

New York Insurance Law §1213 "allows for substituted service on unauthorized insurers issuing policies in New York State . . . to Residents or to corporations authorized to do business therein." The Court finds that the Plaintiff was a Pennsylvania Corporation not authorized to do business in New York at the time the policy was issued; at the time the claim occurred; or during the handling of the claim by Amco.

However, the Plaintiff relies on <u>Uribe v. Merchants Bank of New York</u>, 266 A.D.2d 21, 22, 697 N.Y.S.2d 279, 280 (1999) for the proposition that, when a plaintiff corporation had not complied with the requirements of Business Corporation Law § 1312, a court may excuse that failure and the absence of a certificate pursuant to Business Corporation Law § 1312 is an insufficient basis upon which to grant summary judgment.

Similarly, the Plaintiff relies on <u>Tri-Terminal Corp. v. CITC Indus., Inc.</u>, 78 A.D.2d 609, 432 N.Y.S.2d 184, 185 (1st Dept. 1980) which involved a plaintiff that was a foreign corporation doing business in New York without having qualified pursuant to Business Corporation Law § 1312. The court held that the appropriate remedy for the defendants was not outright dismissal of the complaint, but a conditional dismissal or a stay affording the plaintiff an opportunity to

cure this non-jurisdictional defect, i. e., to obtain the requisite authority to do business in New York.

However, even if the Court considered a conditional dismissal enabling the Plaintiff to cure the defect by obtaining the requisite authority prior to the trial, the Court cannot overlook the fact that service was made on Nationwide instead of Amco. "It is well established that service of process on a parent corporation does not constitute service on a subsidiary." Chrobak v. Hilton Grp. PLC, 06 CIV. 1916 (MGC), 2007 WL 2325913 (S.D.N.Y. Aug. 15, 2007); see Giar v. Centea, a Div. of KBC Bank, NV, No. 02 Civ. 7916, 2003 WL 1900836, at *2 (S.D.N.Y. Apr. 16, 2003).

Indeed, in Giar v. Centea, a Div. of KBC Bank, No. 02 Civ. 7916, 2003 WL 1900836, at *2 (S.D.N.Y. Apr. 16, 2003), the plaintiff did not dispute that the defendant did not conduct business in the United States and operated exclusively in Belgium. Rather, the plaintiff contended that his service on the defendants subsidiary in New York conferred personal jurisdiction over the defendant because of either (1) defendant's activities as an agent for the subsidiary, or (2) the assertion that the defendant is a mere department of the subsidiary. The court held that "the presence of a local corporation does not create jurisdiction over a related, but independently managed, foreign corporation." See also Volkswagenwerk Aktiengesellschaft v. Beech Aircraft. Corp., 751 F.2d 117, 121 (2d Cir.1984).

In addition, in Wimberly v. Severn Trent Services, Inc., 2006 WL 2468641(E.D. Pa. August 22, 2006), the court held that in order for service on a subsidiary of a parent company to be deemed proper, the Plaintiff must present evidence that the two entities are "so interrelated and integrated in their activities, labor relations, and management that they should be regarded as

a single employer." Id at * 11 (quoting from Marzano v. Computer Science Corp., 91 F.3d 497, 513 (3d Cir. 1996).)

In this case, nothing in the pleadings suggests that Nationwide performed any services or functions, or acted as agent in any capacity, for Amco. The fact that a telephone call to Amco's customer service line and the Nationwide signature jingle could be heard and that a customer service personnel confirmed that Amco is indeed a Nationwide company reveals no more than the normal business influence of a corporate parent; these activities fall far short of the "pervasive control over the subsidiary that the 'mere department' standard requires." See Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998).

Having held that the Plaintiff has failed to plead a basis for piercing the corporate veil and that Nationwide is not a proper party, the Court finds that service of process on Nationwide does not constitute service of process on Amco. Therefore, service on Amco was deficient.

**3. Whether there is Personal Jurisdiction over Amco**

Personal Jurisdiction over an out-of-state defendant is based on New York's long arm statute, N.Y. Civil Practice and Law and Rules ("CPLR) § 302. See 42 U.S.C. § 1395dd. see also Omni Capital Intern., Ltd. V. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 105, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ("[U]nder Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction."); Anonymous v. Kaye, 104 F.3d 355, No. 95-9295, 1996 WL 734074, at *2 (2d Cir. Dec.23, 1996) (where the federal statute "does not provide for service of process beyond state borders, the district court requires authorization from the state long-arm statute, N.Y.C.P.L.R. § 302, before it may exercise personal jurisdiction over the out-of-state defendants-appellees"): Role v. Johns

13

Hopkins Bayview Med. Ctr., 06 CV 2475 DLI/LB, 2007 WL 4938712 (E.D.N.Y. Oct. 10, 2007) report and recommendation adopted as modified 06 CV 2475 DLI/LB, 2008 WL 465574 (E.D.N.Y. Feb. 15, 2008)

The Court finds that the Plaintiff does not provide justification for application of New York's "Long-Arm Statute," CPLR § 302, which gives the Court personal jurisdiction over any nondomiciliary who "transacts business out of that business activity. McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981) see also Sec. Mut. Life Ins. Co. v. Shapiro, 2009 U.S. Dist. Lexis 82934 (N.D.N.Y Sept 11, 2009). "A nondomiciliary 'transacts business' under § 302(a)(1) when he purposefully avails [himself] of the privilege of conducting activities with [New York], thus invoking the benefits and protections of its laws." Citing Cutco Industries v. Naughton, 806 F.2d at 365 (2d Cir. 1986); see also Sole resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100 (2d Cir. 2006)).

The Plaintiff's pleadings and its Affirmation do not meet the Plaintiff's burden of establishing personal jurisdiction over Amco. See e.g. Maersk, Inc. v. Neewra, Inc., 554 F. Supp 2d 424, 440 (S.D.N.Y. 2008)(citing Whitwaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)). Amco issued an insurance policy in Pennsylvania and the policy in question was placed through an agent located in Pennsylvania to a Pennsylvania corporation. Thus, the Court cannot exercise personal jurisdiction over Amco in New York because Amco has not purposefully availed itself of the privileges and protections of New York law.

### III. CONCLUSION

It is hereby ordered

**ORDERED**, that the Plaintiff's cross motion to remand to the State Court is denied; and it is further

**ORDERED**, that the Plaintiff's motion for leave to file a second amended complaint is denied as futile; and it is further

**ORDERED**, that the Defendants' motion to dismiss the original complaint is granted and the complaint is dismissed without prejudice; and it is further

**ORDERED,** that the Clerk of the Court is directed to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
July 22, 2013

                                                                     _____*Arthur D. Spatt*_____
                                                                        ARTHUR D. SPATT
                                                                United States District Judge